DLD-332                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1440
_____

RONALD A. DOVE,
                                        Appellant

v.

YORK COUNTY, PENNSYLVANIA;
ATTORNEY GENERAL OF THE
COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 3-12-cv-01517)
District Judge: Malachy E. Mannion
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 14, 2014
Before: SMITH, HARDIMAN and KRAUSE, Circuit Judges

(Filed: August 25, 2014)
_____

OPINION
_____

PER CURIAM

Appellant Ronald Dove appeals from a post-judgment order of the District Court denying his request for copies pursuant to 28 U.S.C. § 2250. For the reasons that follow, we will summarily affirm.

Dove was convicted in June, 2009 of driving under the influence and resisting arrest, following a jury trial in the York County Court of Common Pleas. Dove was sentenced to a term of imprisonment of 27 - 78 months. The Pennsylvania Superior Court affirmed the criminal judgment and Dove's state post-conviction petition was denied.

On August 6, 2012, Dove filed a petition for writ of habeas corpus, 28 U.S.C. § 2254, in the United States District Court for the Middle District of Pennsylvania, raising numerous grounds for relief. The District Court granted Dove's motion to proceed in forma pauperis, see Docket Entry No. 8, and the District Attorney of York County then submitted a response, with numerous state court record exhibits. About two weeks later, Dove filed a motion asking for a copy of the response and exhibits, claiming that he had not received them, see Docket Entry No. 18. In response to that motion, a deputy prosecutor from the District Attorney's Office filed an item titled "Statement of Facts," see Docket Entry No. 19, in which she stated that she had in fact mailed a copy of the response and exhibits to Dove on November 27, 2012. Moreover, after receiving Dove's motion for copies, she telephoned the prison where he was incarcerated, the State Correctional Institution in Coal Township, to confirm that the mailings had reached him. Prison officials confirmed that Dove had received the mailings that day. Accordingly, the District Attorney argued that the request for copies should be denied as moot.

The District Court, in an order entered on November 15, 2013, denied Dove's habeas corpus petition and declined to issue a certificate of appealability.[1] The District Court did not rule on Dove's motion for copies. Dove then filed a post-judgment motion pursuant to 28 U.S.C. § 2250, claiming indigence and again seeking a copy of the District Attorney's response, and also a copy of the District Attorney's "Statement of Facts." In an order entered on February 6, 2014, the District Court denied the motion on the ground that the District Attorney had certified that Dove had been provided with a copy of the response and exhibits. The District Court directed the Clerk to provide Dove with a copy of the docket entries in his case, and invited him to ask the Clerk for an estimate of the cost to copy the documents he wished to have reproduced.

Dove appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] Our Clerk advised him that the appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. Dove filed a brief, which was received for our information. We have considered it as his summary action response. In it, he asserts that he did not in fact receive a copy of the District Attorney's response and exhibits, and that his need for these items should be self-evident.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Cir. LAR 27.4 and I.O.P. 10.6. Section 2250 of title 28 provides that "[i]f on any application for a writ of habeas corpus an order has

---

[1] We denied Dove's application for a certificate of appealability on May 7, 2014, see C.A. No. 13-4578.

[2] To the extent this appeal requires a certificate of appealability we decline to issue one.

3

been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending." 28 U.S.C. § 2250. The District Attorney having certified that the requested items were mailed to Dove at his place of incarceration, the District Court found that Dove had been provided with the District Attorney's response and exhibits, and, therefore, that he was not entitled to anything further under section 2250. We review this factual determination for clear error, see Ross v. Varano, 712 F.3d 784, 795 (3d Cir. 2013), and find none.

For the foregoing reasons, we will summarily affirm the District Court's order denying Dove's motion for copies pursuant to 28 U.S.C. § 2250.